1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Sheida Hukman,                           No. CV-18-01104-PHX-DLR

10              Plaintiff,                     **ORDER**

11   v.

12   Alaska Airlines Incorporated,

13              Defendant.

14

15

16          Plaintiff Sheida Hukman alleges that Defendant Alaska Airlines Incorporated

17   violated Title VII of the Civil Rights Act of 1964 by refusing to hire her on account of her

18   national origin, retaliating against her for engaging in protected activity, and interfering

19   with her relationship with her former employer.  On November 7, 2018, the Court granted

20   Defendant's motion to dismiss on all of Plaintiff's claims.  (Doc. 19.)  The Court based its

21   decision on three independent reasons.  First, it concluded that Plaintiff failed to timely file

22   her charge with the EEOC.  (*Id.* at 2-4.)  Second, the Court determined that, even if Plaintiff

23   had timely filed her EEOC charge, her complaint failed to comply with Rule 8.

24   Specifically, Plaintiff alleges that she was discriminated against in retaliation for reporting

25   that other employees were practicing the "Art of Invisibility," which is so "sufficiently

26   fantastic to defy reality as we know it."  (*Id.* at 4.)  Finally, the Court found that even if it

27   could extricate allegations regarding national origin discrimination from those involving

28   invisibility, the allegations were insufficient to state a claim for relief.  (*Id.* at 4-5.)  Plaintiff

1  now seeks reconsideration of that order.  (Doc. 20.)  For the following reasons, Plaintiff's

2  motion for reconsideration is denied.

3  **I.  Legal Standard**

4       Motions for reconsideration should be granted only in rare circumstances.

5  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere

6  disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong*

7  *v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).  A motion for

8  reconsideration ordinarily will be denied "absent a showing of manifest error or a showing

9  of new facts or legal authority that could not have been brought to its attention earlier with

10  reasonable diligence." LRCiv 7.2(g).  Further, the motion must "point out with specificity

11  the matters that the movant believes were overlooked or misapprehended by the Court, any

12  new matters being brought to the Court's attention for the first time and the reasons they

13  were not presented earlier, and any specific modifications being sought in the Court's

14  Order."  *Id.*  Finally, "[n]o motion for reconsideration . . . may repeat any oral or written

15  argument made by the movant in support of or in opposition to the motion that resulted in

16  the Order."  *Id.* The court may deny a motion for reconsideration if it fails to comply with

17  these rules.  *Id.*

18  **II.  Discussion**

19       Plaintiff argues that the Court manifestly erred in finding that she failed to file a

20  timely charge with the EEOC.  Title VII makes it unlawful for an employer "to fail or

21  refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex,

22  or national origin . . . ."  42 U.S.C. § 2000e-2(a).  Before bringing a Title VII claim in

23  district court, a plaintiff must exhaust her administrative remedies by timely filing a charge

24  with the EEOC, thereby affording the agency an opportunity to investigate the charge.  *See*

25  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Timely exhaustion of

26  administrative remedies is a statutory requirement to filing suit under Title VII.  *See*

27  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).  Under § 2000e-5(e)(1), a

28  plaintiff has three hundred days after the date on which the alleged unlawful practice

occurred to file a charge with the EEOC. In failure to hire claims, accrual of a claim begins on the date that the plaintiff received notice that she was not hired. *See Lukovsky v. City and Cty. of S.F.*, 535 F.3d 1044, 1046 (9th Cir. 2008).

The Court found Plaintiff's claim untimely because, according to her complaint, she learned that she was being denied the position on February 22, 2017, and therefore she was required to file her EEOC charge no later than December 19, 2017, which she failed to do. (Doc. 19 at 3-4.)

Plaintiff challenges this finding, arguing that the Court incorrectly calculated the deadline for filing her charge with the EEOC. In support, Plaintiff attaches an October 2017 letter, which purportedly reflects the date her application was rejected. (Doc. 20-6.) But Plaintiff fails to explain why this letter was neither mentioned nor attached to either her complaint or her response in opposition to the motion to dismiss. Nor does Plaintiff explain why this matter could not have been brought to the Court's attention earlier. The Court did not manifestly err by not considering allegations not before it. Moreover, after reviewing the contents of the letter, the Court is unconvinced that it evidences the date of Plaintiff's rejection. Rather, the letter states that Defendant conducted a thorough review of Plaintiff's concerns about the application process, but found no evidence supporting her allegations.

Furthermore, Plaintiff's argument for reconsideration pertains only to the portion of the Court's order finding that Plaintiff's EEOC charge was untimely filed. Plaintiff does not ask the Court to reconsider its independent and alternative conclusions that, even if Plaintiff's EEOC charge was timely filed, her complaint fails to comply with Rule 8 or to allege sufficient facts plausibly entitling her to relief. Thus, even if the Court erroneously

//
//
//
//
//

determined that Plaintiff's EEOC charge was untimely, such error was harmless. Accordingly,

     **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 20) is **DENIED**.

     Dated this 3rd day of January, 2019.

_____
Douglas L. Rayes
United States District Judge